# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9051 | **DATE** | 5/22/2003 |
| **CASE TITLE** | Golden vs. Oliver | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order denying respondent's motion to dismiss. The petitioner's motion for appointment of counsel is denied.. Respondent has until 7/15/03 to file an answer to the petition for habeas corpus and reply will be due by 9/15/03. Ruling set for 11/14/03 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 3 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | FILED FOR DOCKETING | docketing deputy initials | |
| | Mail AO 450 form. | 03 MAY 22 PM 6:47 | | |
| | Copy to judge/magistrate judge. | | 5/22/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | U.S. DISTRICT COURT Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOC[...]
MAY 2 3 2003

LARRY GOLDEN,                )
                             )
            Petitioner,      )
                             )
    v.                       )
                             )  No.  02 C 9051
IAN OLIVER,                  )
                             )
            Respondent.      )

## MEMORANDUM OPINION AND ORDER

Following a 1995 jury trial in Illinois state court, petitioner Larry Golden was convicted of armed violence, armed robbery, possession of a controlled substance, and unlawful use of weapons. He was sentenced to twenty-two years imprisonment. After seeking relief on direct appeal and through state post-conviction proceedings, Mr. Golden filed, in December 2002, a federal petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Respondent, through the state attorney general's office, now moves to dismiss Mr. Golden's petition as time-barred. I deny the motion to dismiss.

28 U.S.C. § 2244(d) places a one-year period of limitations on filing a section 2254 habeas petition. The period begins running after the state court judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). Here, on direct appeal, the Illinois Supreme Court denied Mr. Golden's petition for leave to appeal on June 3, 1998. Although Mr. Golden did not file a petition for certiorari in the United States Supreme Court, he had ninety days in which to

do so. Sup. Ct. R. 13. His judgment became final under § 2244(d)(1)(A) on September 1, 1998. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) ("[T]he statute of limitations imposed by section 2244(d)(1)(A) begins to run ... when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ."). Mr. Golden had one year from that date to file his federal habeas petition.

Section 2244 provides, however, that the one-year period of limitations is tolled during the time in which "a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). Mr. Golden filed a petition for state post-conviction review in July of 1998. Post-conviction relief was ultimately denied by the state appellate court in November 2000.[1] Mr. Golden filed a timely motion for rehearing of the appellate court's November 2000 decision, which, on December 20, 2000, the appellate court denied. He had twenty-one days following denial of his motion for rehearing to file a petition for leave to appeal to the state supreme court. Ill. Sup. Ct. R. 315(b). As Mr. Golden did not file a petition for leave to appeal within that twenty-one day window, he had a properly filed application for post-conviction review pending only through

---

[1] While the appellate court vacated Mr. Golden's sentence and remanded for a new sentencing hearing, it upheld his conviction, which is the only thing challenged in Mr. Golden's habeas petition.

2

December 20, 2000, the date the appellate court denied his motion for rehearing. *See Tate v. Pierson*, 177 F. Supp. 2d 792, 797 & n.10 (N.D. Ill. 2001) (Hart, J.) (citing *Gutierrez v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000)). As such, the section 2244 one-year period of limitations began to run on December 21, 2000.

Mr. Golden eventually filed a late petition for leave to appeal sometime in May or June 2002.[2] This fact does not help Mr. Golden, however, because even if the Illinois Supreme Court had granted his petition and entertained his appeal, only the time between Mr. Golden's filing the late petition in May or June 2002 and the state court's decision on the merits would be excluded from calculation of the section 2244 limitations period. *Fernandez v. Sternes*, 227 F.3d 977, 979-80 (7th Cir. 2000). The limitations period would not be tolled during the seventeen-month delay between the December 20, 2000 appellate court denial of Mr. Golden's motion for rehearing and the May or June 2002 filing of the late petition for leave to appeal. *Id.* Thus, the one-year period in which Mr. Golden could have filed his federal habeas petition had already expired by the time he filed his late petition for leave to appeal

---

[2] The state's motion to dismiss Mr. Golden's habeas petition indicates that Mr. Golden filed his motion for leave to appeal on May 29, 2002. (Resp't's Mot. Dismiss Habeas Pet. ¶ 12.) The only evidence in the record regarding the filing of this petition, however, is a letter from the Illinois Supreme Court to Mr. Golden dated June 6, 2002, which states: "This office has today filed your motion for leave to file a late petition for leave to appeal." (Habeas Pet. Ex. 4.) Uncertainty over these eight days does not affect the outcome of this case.

3

to the state supreme court. Whether or not the state decided to hear the appeal, federal habeas relief was then, and is now, time-barred. See Tate, 177 F. Supp. 2d at 797-98 & n.9 (denying habeas petition as untimely because regardless of whether late petition for leave to appeal to state supreme court was granted or denied, the one-year limitations period of section 2244 had expired).

The only potential escape for Mr. Golden is equitable tolling.[3] While the Seventh Circuit has held that equitable tolling is available "in principle" to habeas petitioners seeking to avoid strict application of the section 2244 limitations period, Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999), it is "granted sparingly [and] only when extraordinary circumstances far beyond the litigant's control prevented timely filing." Wilson v. Battles, 302 F.3d 745, 749 (7th Cir. 2002). Here, Mr. Golden claims that he was not notified of the Illinois Appellate Court's December 20, 2000 decision denying his petition for rehearing. He further states that in May 2001 he notified the appellate court of a change of address, that in August 2001 he requested information about his case from the appellate court, and that on April 13, 2002 he sent a letter to the appellate court clerk's office inquiring about the status of his petition for rehearing. On April 19, 2002, he received a response indicating that the clerk could not send a

---

[3] Mr. Golden does not explicitly invoke the term "equitable tolling," but his brief supports such a characterization of his argument.

status report to Mr. Golden, and that he should instead contact his court-appointed attorneys for information. (Habeas Pet. Ex. 1.) Mr. Golden then contacted the state appellate defender's office, and on May 6, 2002 was sent a copy of the December 20, 2000 order dismissing his motion for rehearing. (Habeas Pet. Ex. 2.) The state does not contest that Mr. Golden did not receive notice of the appellate court's December 2000 decision until he received the May 6, 2002 letter from the appellate defender's office.

Several federal circuit courts have acknowledged that a delay in receiving notice of a decision on state post-conviction review can justify application of equitable tolling. *See Drew v. Dept. of Corr.*, 297 F.3d 1278, 1288 (11th Cir. 2002) ("A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition."); *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001) ("[A] prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter."); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (finding that equitable tolling may apply where petitioner, despite his diligence, did not receive notice of denial of state post-conviction relief for four months). Several cases in

this district have applied equitable tolling on facts similar to those here. *See Coleman v. Hockaday*, No. 02 C 4787, 2003 WL 1888840, at *3-5 (N.D. Ill. Apr. 15, 2003) (Aspen, J.) ("We find that Respondent's extensive delay in notification qualified as an 'exceptional circumstance' warranting the application of the equitable tolling doctrine."); *United States ex rel. Willhite v. Walls*, 241 F. Supp. 2d 882, 888-89 (N.D. Ill. 2003) (Alesia, J.) (finding that failure to receive copy of state appellate court's order denying petition for rehearing until after petitioner wrote appellate court inquiring about case status entitled petitioner to application of equitable tolling); *United States ex rel. Wesley v. Chrans*, No. 00 C 4826, 2001 WL 1155260, at *5 (N.D. Ill. Sept. 28, 2001) (Pallmeyer, J.) (finding that the state's undisputed eleven-month delay in notifying petitioner that his claim for state post-conviction relief had been dismissed (despite inquiries from petitioner) warranted application of equitable tolling). Here, the state does not contest Mr. Golden's allegation that he contacted the appellate court three times after filing his petition for rehearing (at least twice specifically requesting information on the status of his case), nor does it contest that Mr. Golden finally received notice of the denial of his petition upon receipt of the May 6, 2002 letter. I find that the delay in receiving notice despite his diligence in seeking information presents extraordinary circumstances beyond Mr. Golden's control to justify

6

application of equitable tolling here. Thus, while technically the section 2244 one-year limitations period began running on December 21, 2000, it was tolled until sometime after May 6, 2002, when Mr. Golden received notice of the appellate court's denial of his petition for rehearing. As Mr. Golden filed his petition for federal habeas relief on December 13, 2002, it is not time-barred.

Respondent's motion to dismiss is DENIED.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated:   May 22, 2003