| | United States District Court, Northern District of Illinois | | | |
|---|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 02 C 9051 | DATE | 11/13/2003 | |
| CASE TITLE | Golden vs. Jungwrith | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying the petitioner's petition for a writ of habeas corpus. Ruling set for 11/14/03 is vacated. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

No notices required, advised in open court.
No notices required.
✓ Notices mailed by judge's staff.
Notified counsel by telephone.
Docketing to mail notices.
✓ Mail AO 450 form.
Copy to judge/magistrate judge.

number of notices: 3
date docketed: NOV 1 4 2003
docketing deputy initials: 15
date mailed notice: 11/13/2003
mailing deputy initials: MPJ

Document Number: 27

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. LARRY GOLDEN, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 02 C 9051 |
| GENE JUNGWRITH, | ) ) ) | |
| Respondent. | ) | |

NOV 1 4 2003

## MEMORANDUM OPINION AND ORDER

On August 23, 1995, Larry Golden[1] was convicted in the Circuit Court of Lake County of armed robbery, armed violence, and possession of a controlled substance. He was sentenced to serve concurrent prison terms of 17 and 22 years.

Mr. Golden appealed both his conviction and his sentence to the Appellate Court of Illinois, Second District. Mr. Golden raised six issues on appeal: (1) illegal nature of his initial stop; (2) inadmissability of the evidence found on his person after the stop; (3) inadmissability of the gun found in the car; (4) violation of due process through a highly suggestive show-up; (5) failure to prove his guilt beyond a reasonable doubt; and (6) disproportionate sentence for the armed violence conviction. On January 8, 1998, the Illinois Appellate Court rejected his claims

---

[1] Mr. Golden is also known as Terrance L. Jackson in some phases of this case, as that was the name he gave police when initially stopped.

and affirmed his conviction and sentence. Mr. Golden petitioned for leave to appeal the Appellate Court's decision to the Illinois Supreme Court. His petition was denied on June 3, 1998.

Mr. Golden next filed a petition for post-conviction relief in the Circuit Court of Cook County. He raised five issues: (1) unlawful search and seizure; (2) the statute (armed violence) under which he was convicted was unconstitutional and his counsel was ineffective for failing to raise the issue; (3) ineffective assistance of trial counsel for failing to object to the admission of evidence obtained from the unlawful stop; (4) ineffective assistance of trial counsel for failing to preserve for appeal the issue that his guilt was not proven beyond a reasonable doubt; and (5) disproportionate sentence. This petition was dismissed on January 12, 1999.

Mr. Golden raised three issues in his appeal of the dismissal of his post-conviction petition: (1) seizure of evidence in excess of the scope permitted by *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868 (1968); (2) failure to prove his guilt beyond a reasonable doubt; and (3) premising his sentence for the armed violence conviction on an unconstitutional statute. The dismissal of his petition was affirmed by the Illinois Appellate Court on November 1, 2000, but his sentence for armed violence was vacated. Mr. Golden was later sentenced to 20 years in prison for the armed violence conviction. Mr. Golden also filed a motion for rehearing, but that motion was

denied on December 20, 2000. Mr. Golden became aware of the denial on May 6, 2002, and sought leave to appeal the decision in the Illinois Supreme Court. Leave to appeal was denied on September 30, 2002.

On December 23, 2002, Mr. Golden filed a petition for a writ of habeas corpus with this court. He raises six issues in that petition: (1) denial of his right to appeal by the Illinois Appellate Court; (2) prosecutorial misconduct; (3) denial of due process by use of an unlawful show-up; (4) failure to prove his guilt beyond a reasonable doubt; (5) failure to suppress evidence resulting from the unlawful initial stop of the car; and (6) ineffective assistance of trial counsel.

I.

Mr. Golden claims that the Illinois Appellate Court denied his right to appeal by delaying the notice of the denial of his petition for rehearing. The Illinois Supreme Court denied Mr. Golden permission to file a late petition for leave to appeal. I will not review a state court judgment when that decision is based on state procedural law. *Coleman v. Taylor,* 501 U.S. 722, 729-730 (1991); *Moore v. Bryant,* 295 F.3d 771, 774 (7th Cir. 2002). The Illinois Supreme Court's decision was based solely on Illinois procedural law. I may still grant relief if petitioner is able to show cause for his procedural defect and actual prejudice resulting from that cause. *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 7 (1992).

Mr. Golden potentially demonstrates cause for his procedural defect. Because of confusion in the state courts about whether Mr. Golden was represented by counsel, Mr. Golden did not receive notice of the denial of his petition for rehearing until May 6, 2003. However, Mr. Golden has not shown that this delay and the resulting procedural defect resulted in any actual prejudice to his appeal.

II.

Mr. Golden also argues that the initial stop of the car in which he was riding was illegal and the resulting evidence should have been quashed. Where the petitioner has had full opportunity to litigate his Fourth Amendment claims in state court, I will not consider those claims upon a habeas petition. *Stone v. Powell,* 428 U.S. 465, 482 (1976); *Terry v. Martin*, 120 F.3d 661, 663 (7th Cir. 1997). "A prisoner receives an opportunity for full and fair litigation of a Fourth Amendment claim when (1) the prisoner has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his Fourth Amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and applied the proper constitutional case law to the facts." *Terry,* 120 F.3d at 663.

Mr. Golden raised this issue with the state courts. Mr. Golden argued that the police had no probable cause for the traffic stop that led to his arrest. He further argued that any claim that

the stop was because of a traffic violation was pretextual, as no citation was ever issued to the driver. The Illinois Appellate Court rejected both arguments. Ex. A at 11, 18. The court noted that under *Terry v. Ohio*, 392 U.S. 1, 30 (1968), a police officer must have "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" a stop. *Id.* In this case, the prosecution presented a number of facts that met this standard: the proximity in time and space between the car Mr. Golden was riding in and the location of the offense; the description given by the dispatcher and two witnesses, detailing the suspect's race, gender, and clothing; the facts that the offense occurred late at night and there were no businesses open in the area except the one where the offense took place. Ex. A at 15-17. The court held that "the facts and circumstances raised a reasonable articulable suspicion of criminal activity to justify a *Terry* stop." Ex. A at 18. As the state court has already evaluated this argument, I will not consider the issue.

III.

Three of the issues raised by Mr. Golden are procedurally defaulted and must fail. Federal courts may not review issues of federal law under a habeas petition if those issues have been resolved by a state court on adequate and independent state law grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Adequate and independent state law grounds include circumstances where the

state court resolves an issue pursuant to state procedural law. *Id.* at 729-730. Further, state prisoners must exhaust available state remedies before federal habeas review may proceed; the "state should have first opportunity to address and correct alleged violations of state prisoner's federal rights." *Id.* at 731. This bar to federal habeas review applies whether the prisoner's claims are procedurally defaulted by the state courts or the claims are never presented to the state court at all. *Jenkins v. Gramley,* 8 F.3d 505, 507-508 (7th Cir. 1993).

Mr. Golden argues prosecutorial misconduct affected his trial. Specifically, he alleges that police and prosecutors knowingly and intentionally used false evidence against him. Mr. Golden attempts to raise this issue for the first time in his habeas petition. As Mr. Golden did not present this issue to the state court, thereby preventing review on appeal, he may not initially raise it in his habeas petition.

Mr. Golden also argues that he received ineffective assistance of counsel. Mr. Golden failed to raise this issue before the Illinois Appellate Court in his post-conviction petition for relief. He also did not raise this issue in his direct appeals. His failure to raise the issue and allow the state courts an opportunity to address it results in a procedural default of the issue.

Finally, Mr. Golden argues that the evidence against him was insufficient to prove his guilt beyond a reasonable doubt. While Mr. Golden did raise this issue before the state courts on appeal, he failed to do so in a procedurally proper manner. Illinois law demands that litigants raise both an objection at trial and a written post-trial motion regarding the issue in order to preserve an issue for appeal. *People v. Enoch*, 122 Ill.2d 176, 186 (1988)(noting the statutory basis for the requirement of a written post-trial motion). Mr. Golden failed to file a proper post-trial motion regarding the sufficiency of the evidence against him. *People v. Jackson*, 699 N.E.2d 1034, No. 2-95-1403 at 23 (Ill. App. Ct. Jan. 8, 1998). This argument is therefore waived.

IV.

Mr. Golden's final argument, that he was denied due process by being placed in an unlawful showup, has been properly preserved for review. As Mr. Golden's petition asks for review of a claim decided on the merits in state court, I may only grant review if

> the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Woodford v. Viscotti*, 537 U.S. 19, 21 (2003) (citing 28 U.S.C. § 2254(d)). When analyzing the decision, I must give the state court "the benefit of the doubt" and presume that the court both knows and has followed the law. *Id.* at 24.

I find no evidence that the application of federal law by the state court was objectively unreasonable. The proper test for determining whether an identification from a suggestive showup is nonetheless admissible is enunciated in *Manson v. Brathwaite*, 432 U.S. 98, 113-114 (1977). "[R]eliability is the linchpin in determining the admission of identification testimony." *Id.* at 114. The factors to be considered include: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the witness' level of certainty; (5) the time between the crime and the identification; and (6) the corrupting effect of the identification. *Id.*

Mr. Golden contests the identifications of two witnesses, Robin Cruz and Fredy Alexander. Mr. Cruz stated that he was able to observe the criminal from a distance of approximately 10 feet, for approximately one minute and 45 seconds. He also stated that he was able to see the side of the criminal's face for about 5 seconds. Mr. Alexander stated that he was able to observe the criminal for about 5 minutes, from a distance of one to two feet. Mr. Cruz stated that he was waiting in the drive-through lane of a Popeye's restaurant when he saw the criminal and believed that the man was going to rob either Mr. Cruz or the restaurant. Mr. Alexander stated that he was working the drive-through window when he was robbed at gunpoint. Mr. Alexander was an on-duty employee

8

of the business being robbed, and was the person actually confronted by the criminal. Neither witness had any special training for observation.

The third *Manson* factor is the accuracy of the witnesses' descriptions of the criminal prior to the identification at question. Mr. Cruz described the criminal as a black male, between 5 feet 8 inches and 5 feet 11 inches in height, weighing approximately 150 to 160 pounds, and wearing a black jacket. Mr. Alexander stated that the criminal was a black male, young-looking, tall (approximately 5 feet 9 inches in height), and slim (weighing approximately 150 to 160 pounds). Mr. Alexander also stated that the criminal was wearing dark clothing, including a black jacket, ski mask, and hood. Mr. Golden states that he is 6 feet 2 inches tall, weighs 180 pounds, and is 42 years old. He contests the description of being young and the details of the black White Sox jacket he was wearing.

I must also examine the witnesses' level of certainty in their identifications. Mr. Cruz identified Mr. Golden as the criminal twice, once on the scene when Mr. Golden was stopped and once at the police station. Mr. Cruz was positive in his identification both times, stating twice on the scene "that's him" and identifying Mr. Golden as the criminal without hesitation at the police station. Mr. Alexander also identified Mr. Golden as the criminal at the police station, without hesitation.

The fifth factor is the time elapsed between the commission of the crime and the witnesses' identification. Mr. Cruz first identified the defendant as the criminal approximately 8 minutes after the commission of the crime. Both Mr. Cruz and Mr. Alexander identified Mr. Golden as the criminal at the police station approximately 15 or 20 minutes after the commission of the crime.

Finally, I examine the corrupting effect of the suggestive showup in comparison with the previous five factors. The showup, while suggestive, was sufficiently reliable to be admissible. Both witnesses had ample time and opportunity to view the criminal, before and during the commission of the crime. The descriptions given by the two witnesses do not conflict, and the subsequent identifications of Mr. Golden as the criminal happened shortly after the crime. It was not an "unreasonable application" of federal law for the Illinois Appellate Court to reach the same conclusion. Granting the required deference to the state court's decision, this argument also fails.

V.

As no argument presented by Mr. Golden is sufficient to sustain a grant of habeas review, I deny his petition.

ENTER ORDER:

*Elaine E. Bucklo*

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 13, 2003

10